UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| TIMOTHY L. HOLLOWAY, | ) | |
| Petitioner, | ) ) ) | Civil No. 6:22-cv-00090-GFVT |
| v. | ) ) | **MEMORANDUM OPINION** |
| J. GILLEY, Warden | ) ) | **&** |
| Respondent. | ) ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Timothy L. Holloway is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Holloway recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1; R. 3.] That submission is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Holloway's petition.

In the mid to late 1990s, Holloway was convicted in three different federal cases of numerous crimes, including but not limited to unlawfully possessing firearms, conspiracy to distribute methamphetamine, use of a firearm during and in relation to drug trafficking, and conspiracy to commit murder for hire. *See United States v. Timothy L. Holloway*, No. 3:95-cr-00091, No. 2:96-cr-00013-02, and No. 3:96-cr-00004-03 (M.D. Tenn. 1996). In the three cases, the trial court sentenced Holloway to respective terms of imprisonment of 63 months, 420 months, and life. *See id.* The United States Court of Appeals for the Sixth Circuit ultimately affirmed Holloway's convictions and sentences in the first two cases, and Holloway did not file an appeal in the third case. *See id.* It also appears that Holloway never filed a 28 U.S.C. § 2255 motion to vacate any of his sentences. *See id.*

Now, more than 20 years later, Holloway has filed a § 2241 petition with this Court. [R. 1; R. 3.] Holloway's submission is exceedingly difficult to follow. That said, it is clear he is trying to challenge his underlying drug- and firearm-related convictions from his second federal criminal case, along with the trial court's corresponding 420-month sentence in that matter, No. 2:96-cr-00013-02. In Holloway's own words, he asserts the following five claims: "(I) Actual Innocence, convicted of a statute that requires a predicate; (II) Erroneous Jury Instructions; (III) Violation of due process of the Fifth Amendment; (IV) Mis-applied Guidelines; (V) Duplicitous Charge on Count two." [R. 3 at 8.] Ultimately, Holloway suggests that this Court should vacate at least some of his convictions. [*See* R. 1 at 7; R. 3 at 23.]

Holloway's § 2241 petition, however, constitutes an impermissible collateral attack on his convictions and sentence. While a federal prisoner may challenge the legality of his convictions and sentence on direct appeal and in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Holloway cannot use a § 2241 petition as a way of challenging his convictions and sentence.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law

from the United States Supreme Court establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

Holloway has not made such a showing. In fact, Holloway's arguments are very hard to follow, and he has not clearly identified a relevant intervening change in statutory law from the Supreme Court, let alone a change that establishes his actual innocence or shows that his sentence was erroneously enhanced. Instead, as best as the Court can tell, Holloway is simply trying to litigate claims—such as constitutional claims—that he could have only asserted on direct appeal and/or in a § 2255 motion. For example, Holloway claims that his Fifth Amendment due process rights were violated in some way. [*See* R. 3 at 8.] Likewise, Holloway suggests that the jury instructions in his case amounted to "an error of constitutional magnitude." *Id.* at 21. As this court has repeatedly pointed out, these types of constitutional arguments are simply not proper in a § 2241 petition. *See, e.g., Dixon v. Gomez*, No. 6:20-cv-000127-GFVT, at R. 5 (E.D. Ky. June 24, 2020); *Boykin v. United States*, No. 7:20-cv-00029-GFVT, at R. 4 (E.D. Ky. March 10, 2020).

Finally, the Court recognizes that Holloway does assert some non-constitutional claims regarding his underlying convictions and sentence. [*See* R. 3 at 8.] However, for those claims, he appears to be relying on decisions that were not issued by the Supreme Court (such as numerous federal circuit court cases), were issued by the Supreme Court before his convictions were final (such as *Taylor v. United States*, 495 U.S. 575 (1990), and *United States v. Shabani*, 513 U.S. 10 (1994)), or were issued by the Supreme Court after his convictions were final but do not advance his arguments in any clear way (such as *Burgess v. United States*, 128 S. Ct. 1572 (2008)). [*See* R. 3 at 9-23]. In short, the Court has reviewed Holloway's difficult-to-track petition, and it does not appear that he has identified a relevant intervening change in statutory

3

law from the Supreme Court that establishes his actual innocence or shows that his sentence was erroneously enhanced, as required to obtain relief.

For the foregoing reasons, Holloway's petition constitutes an impermissible collateral attack on his underlying convictions and sentence. Therefore, this Court may not entertain his petition and will dismiss it for lack of subject-matter jurisdiction. *See Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021).

Accordingly, it is **ORDERED** as follows:

1. Holloway's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1, 3] is **DISMISSED** for lack of subject-matter jurisdiction.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This the 9th day of May, 2022.

Gregory F. Van Tatenhove
United States District Judge